IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SHEPHARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No._____ |
| K2 RESTAURANT CONCEPTS, INC. d/b/a Chicken Bones Party Bar & Grill, | ) |
| Serve: Louie R. Keen<br>14400 Highway Z, # 102<br>St. Robert, MO 65583 | ) |
| and | ) |
| LOUIE R. KEEN | ) |
| Serve: 14400 Highway Z, # 102<br>St. Robert, MO 65583 | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff Michael Shephard, by and through his undersigned counsel, and for his causes of action against Defendants K2 Restaurant Concepts, Inc. d/b/a Chicken Bones Party Bar & Grill and Louie R. Keen, states and avers to the Court as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is an African American male residing in St. Robert, Pulaski County, Missouri.

2. Defendant K2 Restaurant Concepts, Inc. d/b/a Chicken Bones Party Bar & Grill ("Defendant K2") is a Missouri corporation in good standing, with its principal place of business

located at 14400 Highway Z, St. Robert, Pulaski County, Missouri, and may be served with process through its registered agent, Louie R. Keen, at the address set forth above.

3. Defendant K2 is engaged in a business affecting commerce and, at all times pertinent herein, employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar year, such that Defendant K2 is an "employer" under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) et seq., and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, et seq.

4. Defendant Louie R. Keen ("Defendant Keen") is an individual residing in St. Robert, Pulaski County, Missouri, and may be served with process at the address listed above.

5. Defendant Keen is an agent of Defendant K2 and, on information and belief, is the sole owner, sole director, and president of Defendant K2, and is a person acting directly in the interest of K2, such that Defendant Keen is an "employer" under Title VII and the MHRA.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. § 2000e-5(f)(3).

7. Venue is proper before this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practices alleged herein were committed in Pulaski County, Missouri, in the Southern Division of the United States District Court for the Western District of Missouri.

8. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have occurred or been complied with, specifically:

> a. Plaintiff dual filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") on or about September 27, 2017, and filed an Amended Charge of Discrimination on October 3, 2017, and a Second

Amended Charge of Discrimination on November 7, 2017, alleging discrimination based on race, sex, and retaliation;

b. On or about March 29, 2018, Plaintiff received a Notice of Right to Sue from the MCHR, a copy of which is attached hereto as Exhibit A;

c. On or about March 30, 2018, Plaintiff received a Notice of Right to Sue from the EEOC, a copy of which is attached hereto as Exhibit B;

d. Plaintiff has filed this Complaint within ninety (90) days of receipt of his Notice of Right to Sue from the MCHR and EEOC and, therefore, has duly met the administrative requirements of Title VII and the MHRA.

9. Plaintiff was employed by Defendants from mid-2016 until the date of his termination on September 11, 2017.

10. Throughout the course of Plaintiff's employment by Defendants, Plaintiff was harassed and subjected to discrimination on the basis of his race by Defendant Keen, Defendant K2's general manager, and other persons employed by Defendant K2, including but not limited to the following instances of racial harassment and discrimination:

a. Multiple racial slurs and racist comments by the forgoing individuals, directed both at African Americans in general and Plaintiff in particular;

b. On or about September 6, 2017, Defendant Keen sent Plaintiff a text stating he was going to buy Plaintiff a confederate hat;

c. On or about September 9, 2017, Defendant Keen posted a comment on Facebook using the word "nigga" and tagging Plaintiff in the post;

d. On or about September 9, 2017, Defendant Keen texted Plaintiff stating that Defendant Keen could not attend work that night because of "my KKK meeting"; and

e. Plaintiff and all other African American employees were forced to work in the back of the restaurant, while white employees were not.

11. Throughout the course of Plaintiff's employment by Defendants, Plaintiff was harassed and subjected to discrimination on the basis of his sex by Defendants, specifically on the basis of sex stereotypes and being insufficiently masculine, including but not limited to the following instances of harassment and discrimination:

a. On or about June 1, 2017, Defendant Keen posted on Facebook, "do you think it is too late to start a gofundme page for [Plaintiff] to get a new ball gown for tomorrow night's gay pride festival?";

b. On or about June 23, 2017, Defendant Keen tagged Plaintiff in a Facebook post with a picture captioned "the face you make when you come out of the closet and everyone says they already knew";

c. On or about June 29, 2017, Defendant Keen posted on Facebook that Plaintiff would be "dressing up like a mermaid" for a charity event; and

d. On or about September 8, 2017, Defendant Keen tagged Plaintiff in a Facebook post with a picture stating, "100% super gay."

12. On or about September 10, 2017, Plaintiff complained to his general manager about the harassing and discriminatory behavior of Defendant Keen and other employees and supervisors of Defendant K2.

13. On or about September 11, 2017, Plaintiff was terminated.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE MHRA

**COMES NOW** Plaintiff Michael Shephard, by and through his undersigned counsel, and for Count I of his Complaint against Defendants, states and avers to the Court as follows:

14. Plaintiff incorporates by reference each and every preceding Paragraph of this Complaint as if set forth fully herein.

15. As an African American and a male, Plaintiff belonged to a protected class.

16. Plaintiff was qualified to perform his job and had met Defendants' legitimate job expectations for over a year.

17. The acts of Defendants stated above constitute intentional discrimination on the basis of race and sex under MO. REV. STAT. § 213.055.

18. The acts of Defendants stated above were performed by Defendant Keen and/or by Defendant K2 through its agents, representatives, and employees while in the course and scope of their agency and employment for and with Defendant K2.

19. Plaintiff's race and sex (specifically, his perceived lack of masculinity) were the cause, in whole or in part, of Defendants' decision to discriminate against Plaintiff, harass Plaintiff, and discharge Plaintiff.

20. Plaintiff was treated disparately when compared to other employees of Defendants who were not African American.

21. Plaintiff was treated disparately when compared to other employees of Defendants who were not perceived to be insufficiently masculine.

22. As a direct and proximate result of Defendants' discriminatory acts and practices as set forth above, Plaintiff has suffered lost wages, benefits, lost social security contributions,

future impaired earning capacity, future lost wages and benefits, emotional distress, humiliation, mental anguish, and other consequential and incidental damages.

23. The affirmative and unlawful practices set forth above were undertaken by Defendants intentionally, and in conscious and reckless disregard for Plaintiff's physical and emotional well-being and his protected civil rights, thus warranting the imposition of punitive damages.

24. Pursuant to the MHRA, Plaintiff is entitled to his reasonable attorney's fees and costs and expenses.

**WHEREFORE**, Plaintiff prays for judgment on Count I for his actual damages, back pay, lost wages and employment benefits, front pay, damages for his emotional distress, lost social security contributions, and all other consequential and incidental damages allowed under the Missouri Human Rights Act; for his costs herein incurred and expended, including his reasonable attorney's fees; for punitive damages sufficient to deter Defendants and others similarly situated from like conduct in the future; and for such other and further relief as the Court deems just and proper in the premises.

COUNT II
RETALIATION IN VIOLATION OF THE MHRA

**COMES NOW** Plaintiff Michael Shephard, by and through his undersigned counsel, and for Count II of his Complaint against Defendants, states and avers to the Court as follows:

25. Plaintiff incorporates by reference each and every preceding Paragraph of this Complaint as if set forth fully herein.

26. Throughout the course of his employment by Defendants, Plaintiff was subjected to multiple acts of racial and sexual harassment and discrimination based on race and sex, as set forth more fully above.

27. On or about September 10, 2017, Plaintiff complained to his general manager about the harassing and discriminatory behavior of Defendant Keen and other employees and supervisors of Defendant K2.

28. On or about September 11, 2017, Plaintiff was terminated.

29. Plaintiff was terminated, in whole or in part, due to his opposition to Defendants' harassing and discriminatory behavior.

30. In terminating Plaintiff's employment, Defendants committed an unlawful discriminatory practice by retaliating and discriminating against Plaintiff for opposing a practice prohibited by the MHRA, in violation of MO. REV. STAT. § 213.070(2).

31. As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices as set forth above, Plaintiff has suffered lost wages, benefits, lost social security contributions, future impaired earning capacity, future lost wages and benefits, emotional distress, humiliation, mental anguish, and other consequential and incidental damages.

32. The affirmative and unlawful act of discharging Plaintiff due to his opposition to practices prohibited by the MHRA was undertaken by Defendants intentionally and in conscious and reckless disregard for Plaintiff's physical and emotional well-being and his protected civil rights, thus warranting the imposition of punitive damages.

33. Pursuant to the MHRA, Plaintiff is entitled to his reasonable attorney's fees and costs and expenses.

**WHEREFORE**, Plaintiff prays for judgment on Count II for his actual damages, back pay, lost wages and employment benefits, front pay, damages for his emotional distress, lost social security contributions, and all other consequential and incidental damages allowed under the Missouri Human Rights Act; for his costs herein incurred and expended, including his

reasonable attorney's fees; for punitive damages sufficient to deter Defendants and others similarly situated from like conduct in the future; and for such other and further relief as the Court deems just and proper in the premises.

## COUNT III
### HOSTILE WORK ENVIRONMENT/HARASSMENT IN VIOLATION OF THE MHRA

**COMES NOW** Plaintiff Michael Shephard, by and through his undersigned counsel, and for Count III of his Complaint against Defendants, states and avers to the Court as follows:

34. Plaintiff incorporates by reference each and every preceding Paragraph of this Complaint as if set forth fully herein.

35. Plaintiff is an African American and a male, and therefore is a member of two groups protected by the MHRA.

36. Plaintiff was subjected to unwelcome and unlawful harassment of himself and others on the basis of race and sex, as set forth more fully above.

37. Plaintiff's membership in the protected groups, i.e. his status as an African American and a male, was the motivating factor in the harassment.

38. A term, condition, or privilege of Plaintiff's employment was affected by the harassment, in that it created a subjectively and objectively intimidating, hostile, and offensive work environment and had the purpose and effect of unreasonably interfering with Plaintiff's work performance. The harassment and Plaintiff's opposition thereto also resulted in Plaintiff's termination from the employ of Defendants.

39. As a direct and proximate result of the hostile work environment created by Defendants' discriminatory harassment, Plaintiff has suffered lost wages, benefits, lost social security contributions, future impaired earning capacity, future lost wages and benefits, emotional distress, humiliation, mental anguish, and other consequential and incidental damages.

40. The discriminatory harassment that created a hostile work environment was undertaken by Defendants intentionally and in conscious and reckless disregard for Plaintiff's physical and emotional well-being and protected civil rights, thus warranting the imposition of punitive damages.

41. Pursuant to the MHRA, Plaintiff is entitled to his reasonable attorney's fees and costs and expenses.

**WHEREFORE**, Plaintiff prays for judgment on Count III for his actual damages, back pay, lost wages and employment benefits, front pay, damages for his emotional distress, lost social security contributions, and all other consequential and incidental damages allowed under the Missouri Human Rights Act; for his costs herein incurred and expended, including his reasonable attorney's fees; for punitive damages sufficient to deter Defendants and others similarly situated from like conduct in the future; and for such other and further relief as the Court deems just and proper in the premises.

## COUNT IV
### WRONGFUL DISCHARGE

**COMES NOW** Plaintiff Michael Shephard, by and through his undersigned counsel, and for Count IV of his Complaint against Defendants, states and avers to the Court as follows:

42. Plaintiff incorporates by reference each and every preceding Paragraph of this Complaint as if set forth fully herein.

43. It is unlawful under the MHRA and Missouri case law to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of that person's race or sex.

44. It is also unlawful under the MHRA and Missouri case law to retaliate or discriminate in any manner against any person because such person has opposed any practice prohibited by the MHRA.

45. The MHRA is a clear mandate of public policy and is for the protection of the public as a whole so that individuals, including Plaintiff, are not discriminated against on the basis of their race or sex, or retaliated against for opposing practice prohibited by the MHRA.

46. Plaintiff's race, sex, and/or his opposition to Defendants' unlawful employment practices, were the motivating factor in Defendants' decision to terminate Plaintiff.

47. Plaintiff's termination was wrongful and is an exception to Plaintiff's status as an at-will employee.

48. As a direct and proximate result of Defendants' wrongful and unlawful termination of Plaintiff, Plaintiff has suffered lost wages, benefits, lost social security contributions, future impaired earning capacity, future lost wages and benefits, emotional distress, humiliation, mental anguish, and other consequential and incidental damages.

49. The conduct of Defendants in terminating Plaintiff as set forth herein was outrageous because of Defendants' evil motive or reckless indifference to the rights of others, including Plaintiff, and therefore Plaintiff is entitled to punitive damages in such sums as will serve to punish Defendants and deter them and others from like conduct in the future.

**WHEREFORE**, Plaintiff prays for judgment on Count IV for such reasonable amounts as the evidence may show, for punitive damages, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT V
### DISCRIMINATION IN VIOLATION OF TITLE VII

**COMES NOW** Plaintiff Michael Shephard, by and through his undersigned counsel, and for Count V of his Complaint against Defendants, states and avers to the Court as follows:

50. Plaintiff incorporates by reference each and every preceding Paragraph of this Complaint as if set forth fully herein.

51. As an African American and a male, Plaintiff belonged to a protected class.

52. Plaintiff was qualified to perform his job and had met Defendants' legitimate job expectations for over a year.

53. The acts of Defendants stated above constitute intentional discrimination on the basis of race and sex under 42 U.S.C. § 2000e-2(a).

54. The acts of Defendants stated above were performed by Defendant Keen and/or by Defendant K2 through its agents, representatives, and employees while in the course and scope of their agency and employment for and with Defendant K2.

55. Plaintiff's race and sex (specifically, his perceived lack of masculinity) were the cause, in whole or in part, of Defendants' decision to discriminate against Plaintiff, harass Plaintiff, and discharge Plaintiff.

56. Plaintiff was treated disparately when compared to other employees of Defendants who were not African American.

57. Plaintiff was treated disparately when compared to other employees of Defendants who were not perceived to be insufficiently masculine.

58. As a direct and proximate result of Defendants' discriminatory acts and practices as set forth above, Plaintiff has suffered lost wages, benefits, lost social security contributions,

future impaired earning capacity, future lost wages and benefits, emotional distress, humiliation, mental anguish, and other consequential and incidental damages.

59. The affirmative and unlawful practices set forth above were undertaken by Defendants intentionally, and in conscious and reckless disregard for Plaintiff's physical and emotional well-being and his protected civil rights, thus warranting the imposition of punitive damages.

60. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to his reasonable attorney's fees and costs and expenses.

**WHEREFORE**, Plaintiff prays for judgment on Count V for his actual damages, back pay, lost wages and employment benefits, front pay, damages for his emotional distress, lost social security contributions, and all other consequential and incidental damages allowed under Title VII of the Civil Rights Act of 1964; for his costs herein incurred and expended, including his reasonable attorney's fees; for punitive damages sufficient to deter Defendants and others similarly situated from like conduct in the future; and for such other and further relief as the Court deems just and proper in the premises.

### COUNT VI
### RETALIATION IN VIOLATION OF TITLE VII

**COMES NOW** Plaintiff Michael Shephard, by and through his undersigned counsel, and for Count VI of his Complaint against Defendants, states and avers to the Court as follows:

61. Plaintiff incorporates by reference each and every preceding Paragraph of this Complaint as if set forth fully herein.

62. Throughout the course of his employment by Defendants, Plaintiff was subjected to multiple acts of racial and sexual harassment and discrimination based on race and sex, as set forth more fully above.

63. On or about September 10, 2017, Plaintiff complained to his general manager about the harassing and discriminatory behavior of Defendant Keen and other employees and supervisors of Defendant K2.

64. On or about September 11, 2017, Plaintiff was terminated.

65. Plaintiff was terminated, in whole or in part, due to his opposition to Defendants' harassing and discriminatory behavior.

66. In terminating Plaintiff's employment, Defendants committed an unlawful discriminatory practice by retaliating and discriminating against Plaintiff for opposing a practice prohibited by Title VII, in violation of 42 U.S.C. § 2000e-3.

67. As a direct and proximate result of Defendants' discriminatory and retaliatory acts and practices as set forth above, Plaintiff has suffered lost wages, benefits, lost social security contributions, future impaired earning capacity, future lost wages and benefits, emotional distress humiliation, mental anguish, and other consequential and incidental damages.

68. The affirmative and unlawful act of discharging Plaintiff due to his opposition to practices prohibited by Title VII was undertaken by Defendants intentionally and in conscious and reckless disregard for Plaintiff's physical and emotional well-being and his protected civil rights, thus warranting the imposition of punitive damages.

69. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to his reasonable attorney's fees and costs and expenses.

**WHEREFORE**, Plaintiff prays for judgment on Count VI for his actual damages, back pay, lost wages and employment benefits, front pay, damages for his emotional distress, lost social security contributions, and all other consequential and incidental damages allowed under Title VII of the Civil Rights Act of 1964; for his costs herein incurred and expended, including

his reasonable attorney's fees; for punitive damages sufficient to deter Defendants and others similarly situated from like conduct in the future; and for such other and further relief as the Court deems just and proper in the premises.

## COUNT VII
### HOSTILE WORK ENVIRONMENT/HARASSMENT IN VIOLATION OF TITLE VII

**COMES NOW** Plaintiff Michael Shephard, by and through his undersigned counsel, and for Count VII of his Complaint against Defendants, states and avers to the Court as follows:

70. Plaintiff incorporates by reference each and every preceding Paragraph of this Complaint as if set forth fully herein.

71. Plaintiff is an African American and a male, and therefore is a member of two groups protected by Title VII.

72. Plaintiff was subjected to unwelcome and unlawful harassment of himself and others on the basis of race and sex, as set forth more fully above.

73. Plaintiff's membership in the protected groups, i.e. his status as an African American and a male, was the motivating factor in the harassment.

74. A term, condition, or privilege of Plaintiff's employment was affected by the harassment, in that it created a subjectively and objectively intimidating, hostile, and offensive work environment and had the purpose and effect of unreasonably interfering with Plaintiff's work performance. The harassment and Plaintiff's opposition thereto also resulted in Plaintiff's termination from the employ of Defendants.

75. As a direct and proximate result of the hostile work environment created by Defendants' discriminatory harassment, Plaintiff has suffered lost wages, benefits, lost social security contributions, future impaired earning capacity, future lost wages and benefits, emotional distress, humiliation, mental anguish, and other consequential and incidental damages.

76. The discriminatory harassment that created a hostile work environment was undertaken by Defendants intentionally and in conscious and reckless disregard for Plaintiff's physical and emotional well-being and protected civil rights, thus warranting the imposition of punitive damages.

77. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to his reasonable attorney's fees and costs and expenses.

**WHEREFORE**, Plaintiff prays for judgment on Count VII for his actual damages, back pay, lost wages and employment benefits, front pay, damages for his emotional distress, lost social security contributions, and all other consequential and incidental damages allowed under the Missouri Human Rights Act; for his costs herein incurred and expended, including his reasonable attorney's fees; for punitive damages sufficient to deter Defendants and others similarly situated from like conduct in the future; and for such other and further relief as the Court deems just and proper in the premises.

LOWTHER JOHNSON
Attorneys at Law, LLC

By: /s/ Aaron Klusmeyer
Aaron M. Klusmeyer, MO Bar No. 63006
901 St. Louis Street, 20th Floor
Springfield, MO 65806
Telephone: 417-866-7777
Fax: 417-866-1752
aklusmeyer@lowtherjohnson.com
ATTORNEY FOR PLAINTIFF